# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Joshua Gary Anderson,<br>    Petitioner, | )<br>)<br>) |
| v. | )      1:19cv75 (LO/TCB) |
| | ) |
| Mark J. Bolster,<br>    Respondent. | )<br>) |

## MEMORANDUM OPINION

Federal inmate Joshua Anderson seeks a writ of habeas corpus to correct perceived errors plaguing his military court-martial convictions and his subsequent appeals in the military court system. See 28 U.S.C. § 2241. Respondent filed a motion to dismiss the petition [Dkt. No. 6] which petitioner has opposed, first through a memorandum that exceeds the page limit set by this Court's Local Rules [Dkt. No. 11], and second through an unauthorized surreply [Dkt. No. 13].[1] This matter has therefore been fully briefed and is ripe for disposition. The Court finds that petitioner is not entitled to relief as to four of the five grounds he raises but cannot conclusively determine whether or to what extent petitioner is entitled to relief as to the fifth. Accordingly, respondent's motion will be granted in part and denied in part, and the parties will be directed to file additional briefing as to two discrete issues.

---

[1] In deference to petitioner's *pro se* status, the Court will consider both of these documents in their entirety, except to the extent that, through them, petitioner attempts to add novel claims not raised in his petition. See U.S. ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co., 612 F.3d 724, 731 (4th Cir. 2010) ("[A] plaintiff may not raise new claims ... without amending his complaint."); Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) ("To the extent [plaintiff-appellant] seeks to expand its claims to assert new theories, it may not do so in response to summary judgment....").

## I. Background

Petitioner, a prisoner at the Federal Correctional Institution Petersburg, is serving a thirty-year sentence having pleaded guilty before a military trial judge to multiple specifications of violating Articles 81, 83, 120, 134, and 135 of the United States Code of Military Justice ("UCMJ").[2] Dkt. No. 1; United States v. Anderson, NMCCA 201200499, 2013 WL 3242397, at *1 (N-M. Ct. Crim. App. June 27, 2013). As part of a pretrial plea agreement, petitioner agreed to waive his right to move for "Article 13, UCMJ" credit, which is credit issued by a military judge when an accused has been subjected to pretrial confinement that constituted punishment or that involved unusually harsh circumstances. See Dkt. Nos. 4, 7-7. The court-martial convening authority approved petitioner's sentence as adjudged on November 20, 2012. Id.

Next, pursuant to Article 66, UCMJ, the Navy and Marine Corps Court of Criminal Appeals ("NMCCA") conducted a mandatory review of petitioner's case.[3] Anderson, 2013 WL 3242397. Through appellate counsel, petitioner raised four specific assignments of error:

> (1) The appellant's plea to conspiracy to rape a child was improvident because the military judge failed to elicit facts sufficient to prove each element of the offense;
>
> (2) The appellant's plea to rape of a child was improvident because the military judge failed to elicit facts sufficient to prove each element of the offense;
>
> (3) The military judge erred when he did not *sua sponte* find that separate specifications for the possession of the same child pornography on different media represented an unreasonable multiplication of charges; and

---

[2] The specifications included offenses such as conspiracy to rape a child, rape of a child, taking indecent liberties with a child, possession and distribution of child pornography, communicating a threat, and more. See Dkt. No. 1; United States v. Anderson, NMCCA 201200499, 2013 WL 3242397, at *1 (N-M. Ct. Crim. App. June 27, 2013).

[3] Entitled "Automatic Review," section (b)(3) of Article 66 states, "A Court of Criminal Appeals shall have jurisdiction over a court-martial in which the judgment entered into the record ... includes a sentence of ... 2 years or more." 10 U.S.C. § 866(b)(3).

(4) The appellant's plea to taking indecent liberty with a child was improvident because the military judge failed to elicit facts sufficient to support a finding that the appellant's conduct was committed in the presence of an "aware" child.

Id. at *1.

The NMCCA found no error with respect to the first three grounds but did find merit with respect to petitioner's fourth claim. Id. at *1-6. Accordingly, on June 27, 2013, the NMCCA set aside petitioner's conviction for indecent liberties with a child and affirmed a guilty finding for the lesser included offense of commission of an indecent act. Id. The NMCCA reassessed petitioner's sentence in this light and affirmed it without modification. Id. at *7. Petitioner did not file an appeal with the Court of Appeals for the Armed Forces ("CAAF"), and his court-martial case therefore became final on December 16, 2013. Dkt. No. 7-5 (Respondent's Exhibit ("REX") 5).

Five years later, on July 9, 2018, petitioner filed a petition for writ of habeas corpus in the NMCCA requesting that the court (1) set aside the sentence and findings of guilt and (2) grant petitioner a new trial. Dkt. Nos. 1, 4; REX 6. Petitioner included the following five grounds for relief in his petition:

> (1) The Convening Authority, pursuant to R.C.M. 705(d)(1), unlawfully sponsored a provision in Petitioner's pretrial agreement requiring him to waive the Article 13, UCMJ, 10 U.S.C.S. § 813 (2000), motion which he intended to raise at trial in violation of public policy and appellate case law, rendering the agreement void, and invalidating his pleas of guilty.
>
> (2) Petitioner's trial defense counsel was ineffective by incorrectly advising him, either negligently or intentionally to accept the Convening Authority's provision and to sign the pretrial agreement.
>
> (3) The Military Judge's inquiry into Petitioner's waiver of motion for relief under Article 13, UCMJ, 10 U.S.C.S. § 813 (2000) fell short of what is required by R.C.M. 910(f). The error substantially prejudiced the rights of the Petitioner by depriving him of a complete sentencing hearing. The Military Judge also erred when he accepted the pretrial agreement because the Government sponsored provision violated public policy.

3

(4) Appellate defense counsel was ineffective pursuant to § 15-2(c)(3) of the Military Criminal Justice Practice and Procedure, by refusing to raise the argument that Petitioner's Article 13 waiver was against public policy and Petitioner's allegation of the conditions of his post-trial confinement, as well as failing to discover violations of R.C.M. 705(c)(1)(B), 705(d)(1), and 910(f).

(5) This Court [the NMCCA] failed to consider the Petitioner's entire record when it affirmed the findings and sentence. The government overreach in Petitioner's case is plain error that any legally trained professional should have discovered upon reviewing the entire record. A complete Article 66 review is a "substantial right" of an accused and a CCA may not rely on only selected portions of a record or allegations alone.

Id. On July 24, 2018, the NMCCA dismissed petitioner's habeas petition for lack of jurisdiction. Id. Petitioner then appealed the NMCCA's dismissal to the CAAF, which, on November 2, 2018, dismissed petitioner's habeas petition, also for lack of jurisdiction. Dkt. Nos. 1, 4.

Finally, on January 17, 2019, petitioner filed the instant petition for writ of habeas corpus, invoking the same five grounds he raised in his petition for writ before the military courts. See id.

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) should be granted when it is determined that a court lacks subject matter jurisdiction over the proceeding at hand. The burden of proving subject matter jurisdiction lies with the party asserting it, Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982), and, to determine if it exists, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint; it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

4

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Nemer Chevrolet, Ltd. v. Consumeraffairs.com Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). A plaintiff must therefore allege facts in support of each element of each claim he or she raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Iqbal at 678.

When addressing a 12(b)(6) motion, a reviewing court generally may not look outside the facts contained within the complaint without converting the motion into one for summary judgment. Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir 2014). With that said, a court may nevertheless take judicial notice of matters of public record such as court filings, see Witthohn v. Fed. Ins. Co., 164 F. App'x 395 (4th Cir. 2006), without converting a 12(b)(6) motion into a motion for summary judgment. See Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The Court may also consider documents attached to the complaint as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic. See Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

### III. Analysis

To obtain habeas relief under § 2241, a petitioner must demonstrate that he is detained in federal custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relief under this statute is available to military prisoners convicted by a court-martial, but a federal district court's authority to review military court proceedings is limited. See Burns v. Wilson, 346 U.S. 137 (1953). Indeed, pursuant to Burns, if a district court

determines that the military court system gave "full and fair consideration" to the claims it is presented, the district court should deny the petition. See id. at 142. "Only when the military has not given a petitioner's claims full and fair consideration does the scope of review by the federal civil court expand." Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 810 (10th Cir. 1993); see also Burns, 346 U.S. at 142 (finding district courts are empowered to conduct *de novo* review only if military courts "manifestly refused" to consider the petitioner's claims).

Federal Circuit Courts of Appeal agree that whether a petitioner's claims received "full and fair consideration" in the military tribunals is the correct threshold question in a § 2241 action but do not agree as to what constitutes "full and fair consideration." The Fourth Circuit has not implemented a definitive framework, but district courts within the circuit have near universally adopted the Tenth Circuit's approach.[4] This approach states that review by a federal district court of a military conviction is appropriate when the four following conditions are met:

> (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of disputed fact already determined by the military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.

Lips, 997 F.2d at 811.[5]

---

[4] See, e.g., Grafmuller v. Wegner, No. 2:13cv50, 2013 WL 4808881 (E.D. Va. Aug. 9, 2013), report and recommendation adopted by 2013 WL 4804288 (E.D. Va. Sept. 5, 2013), aff'd 571 F. App'x 184 (4th Cir. 2014); Miller v. Air Force Clemency & Parole Bd., No. 10-2621, 2011 WL 4403497 (D. Md. Sept. 20, 2011); Romey v. Vanyur, 9 F. Supp. 2d 565 (E.D.N.C. 1998).

These courts consistently justify adoption of the Tenth Circuit's standard on the basis that the United States Disciplinary Barracks are located at Fort Leavenworth, Kansas, which has enabled the Tenth Circuit to develop expertise and a significant body of case law in this area.

[5] Rather than approaching these factors rigidly, though, the Tenth Circuit advises that this test is meant to aid courts in applying Burns. See Roberts v. Callahan, 321 F.3d 994, 997 (10th Cir. 2003) ("[T]he four-factor test ... does not constitute a separate hurdle but merely aids our

6

A military court is, of course, unable to provide "full and fair consideration" to a claim never properly presented to it. But that court's failure to review a claim under those circumstances does not entitle a petitioner to *de novo* review of that claim in a federal district court. Instead, "if a ground for relief was not raised in the military courts, then the [reviewing federal district] court must deem that ground waived." Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir. 2003). To overcome such a waiver, a petitioner must demonstrate cause excusing his procedural default and prejudice resulting from the error. Lips at 812 (citing Wolff v. United States, 737 F.2d 877 (10th Cir. 1984)).

A.   **Waiver and Full and Fair Consideration**

With this framework laid out, the Court must first make a determination as to the threshold question: whether petitioner's claims were afforded full and fair consideration in the military court system. The parties, unsurprisingly, have different views on the issue. Respondent does not contend that petitioner's claims were fully reviewed but does assert that petitioner has waived them and that they are therefore barred from review in this forum. Petitioner asserts that because he presented the claims in the instant petition to the military courts through a writ of habeas corpus, he did not waive them. He further asserts that the military courts' refusal to review those claims means they were not afforded "full and fair consideration," entitling him to *de novo* review before this Court. In this light, it is also necessary to determine whether a petitioner like Anderson, who did not raise claims at trial or on direct appeal but several years later raises those claims in the context of a military habeas corpus petition, has waived those claims and thereby divested the federal court of jurisdiction to review them.

---

determination of whether the federal court may reach the merits of the case.").

7

This second question, while not novel, is not a fixture in § 2241 case law. Several of the courts to directly address the issue have found that a petitioner acting in this manner has waived his claims, rendering them unreviewable in federal court. See, e.g., Narula v. Yakubisin, 650 F. App'x 337, 338 (9th Cir. 2016) ("Absent a showing of cause and prejudice, constitutional challenges to court-martial convictions are waived when not raised *on direct appeal in the military courts*.") (emphasis supplied); Hurn v. McGuire, No. 04-3008, 2005 WL 1076100, at *2 (D. Kan. May 6, 2005) (finding that, despite raising claims through habeas petition to military courts, petitioner had waived claims due to failure to raise them at trial or on direct appeal), aff'd No. 05-3206 (10th Cir. Feb. 17, 2006).

But, in what is perhaps the Tenth Circuit's closest analog to the instant case, the result was different. In Brimeyer v. Nelson, 712 F. App'x 732 (10th Cir. 2017), the district court found one of petitioner's claims waived and procedurally defaulted where petitioner failed to raise that claim on direct appeal but later raised it in a military habeas filing. The Tenth Circuit affirmed the district court's denial of relief, but on different grounds: the federal appellate court found that, because the military habeas court had not denied petitioner's claim on procedural grounds (here, waiver grounds), it had not erected an enforceable procedural bar on which the district court could rely.[6] The Circuit Court nevertheless found that, because the military court "considered the Petition" and then denied it, plaintiff's claim had received full and fair consideration, divesting the district court of the power to consider it.

---

[6] "To erect an enforceable procedural bar, the military courts must actually have relied on the procedural bar as an independent basis for [their] disposition of the case . . . . Because they did not, it is inappropriate for us to enforce a procedural bar as to this claim." Brimeyer, 712 F. App'x at 737 (quoting Harris v. Reed, 489 U.S. 255, 261-62 (1989) (internal quotation marks omitted)).

8

The similarity of the procedural history in this action is apparent. Here, as in <u>Brimeyer</u>, petitioner did not raise his federal habeas claims at trial or on direct appeal but did later raise them through a military habeas petition. Here, as in <u>Brimeyer</u>, the military habeas court denied petitioner's claims on grounds other than procedural (i.e. waiver) grounds. But, here, *unlike* in <u>Brimeyer</u>, the military habeas courts dismissed petitioner's petition for want of jurisdiction.

As a result, the Court hesitates to discard this petition on either waiver and default *or* on full and fair consideration grounds. Indeed, in light of <u>Brimeyer</u>, which relied on <u>Harris v. Reed</u>, dismissal of this petition on the back of a procedural default is inappropriate; the military courts did not hold that petitioner had waived his claims, and this Court therefore cannot dismiss this case on procedural bar grounds. But the Court also cannot conclude that petitioner's claims received full and fair consideration by the military courts. The bar for finding that a military court fully and fairly considered a petitioner's claims is not high. "[F]ull and fair consideration occurs when the parties brief and argue the issue, even if the military court summarily resolves the claim." <u>Roberts v. Callahan</u>, 321 F.3d 994, 997 (10th Cir. 2003). Where the issue has been presented, "the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." <u>Watson v. McCotter</u>, 782 F.2d 143, 145 (10th Cir. 1986). Here, the military courts did not give petitioner's claims even this bare a level of treatment. Instead, the NMCCA stated, "On consideration of the writ petition, it is, by the Court ... ORDERED: That the writ petition is dismissed for lack of jurisdiction." <u>See</u> Dkt. No. 7-6. The CAAF stated, "On consideration of the writ-appeal petition, it is ordered that the writ-appeal petition is dismissed for lack of jurisdiction." <u>See</u> 78 M.J. 189.

In light of the foregoing, the Court concludes that there is no procedural bar blocking petitioner's claims and that those claims did not receive full and fair consideration in the military courts. Consequently, the Court will proceed to assess the merits of petitioner's claims *de novo*.

B. **Merits Analysis**

Each of petitioner's grounds for relief revolve around Article 13, U.C.M.J., which states that "[n]o person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline." 10 U.S.C. § 813. Upon a motion, a military judge may provide credit to an accused for pretrial confinement that constituted punishment or involved unusually harsh circumstances. See R.C.M. 305(k).

Although petitioner outlines five independent grounds for relief, based on his post-petition filings, which conflate and expand legal arguments and issues, all five claims appear to reduce to one central claim: that the inquiry the military judge conducted regarding the propriety of the Article 13 waiver provision was insufficient in light of United States v. McFadyen, 51 M.J. 289 (C.A.A.F. 1999). Ground Three of the instant petition raises this issue in earnest. Petitioner's remaining four claim at points seem to rely on this central argument but are shoehorned into tangential claims related to ineffective assistance of counsel and legal error allegedly committed by the military appellate court system. Nevertheless, to the extent the Court can discern appreciable differences between petitioner's claims, those claims shall be addressed in turn.

*1.    Ground One*

Petitioner asserts that "[t]he Convening Authority ... unlawfully sponsored the provision to Petitioner's pretrial agreement requiring him to waive his right to submit a motion for relief under Article 13, U.C.M.J. ... as he intended to do at trial." Dkt. No. 4.

This claim is easily disposed of. "Pretrial agreement negotiations may be initiated by the accused, defense counsel, trial counsel, the staff judge advocate, convening authority, or their duly authorized representatives. Either the defense or the government may propose any term or condition not prohibited by law or public policy." R.C.M. 706(d)(1). Petitioner appears to suggest that, under the logic of United States v. Benitez, 49 M.J. 539 (N-M. Ct. Crim. App. Dec. 31, 1998), the waiver provision in this case was invalid and contrary to public policy because it required him to "waive fundamental statutory rights protected by procedural rules." Benitez, 49 M.J. at 541; Dkt. No. 23. But, as respondent notes, Benitez dealt not with an Article 13 waiver provision but a speedy trial waiver provision—a constitutional issue.

What's more, in cases that post-date Benitez, the CAAF, a higher court than the one that decided Benitez, has repeatedly reiterated that Article 13 waivers are not, in the abstract, contrary to public policy. See McFadyen, 51 M.J. 289; United States v. Felder, 59 M.J. 444 (C.A.A.F. 2004). Indeed, the CAAF has held that Article 13 waivers are legitimate provided the military judge takes certain steps to ensure that such a waiver is executed with full knowledge of its implications.[7] See id. The Convening Authority's sponsoring of the Article 13 waiver in this case was therefore not impermissible in the abstract. Consequently, Ground One is denied.

---

[7] Whether the military judge took those steps is the basis of Ground Three of the instant petition.

11

## 2. *Grounds Two and Four*

Grounds Two and Four of the petition relate to alleged ineffective assistance of counsel. Ground Two deals with the acts or omissions of petitioner's trial counsel while Ground Four relates to the acts or omissions of his appellate counsel. As explained below, neither claim is meritorious.

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must show (1) that counsel's performance was deficient and (2) that there is a reasonable probability that the deficiency prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). This test applies to both trial and appellate counsel. See United States v. Hullum, 15 M.J. 261, 267 (C.M.A. 1983). To establish deficient performance, a petitioner must overcome the "strong presumption that counsel's strategy and tactics fall within the wide range of reasonable professional assistance." Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689) (internal quotations omitted). To establish prejudice, a petitioner must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland 466 U.S. at 694. In analyzing an ineffective assistance claim, a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies .... If it is easier to dispose of an ineffective claim on the ground of lack of sufficient prejudice ... that course should be followed." Id. at 697.

### a. Trial Counsel was not Ineffective

Petitioner argues that his trial counsel was ineffective in advising him to accept the Convening Authority's terms for a pretrial agreement and for his failure to raise to the sentencing judge the issue of petitioner's conditions of pretrial confinement. See Dkt. No. 4. Petitioner specifically argues that his

12

> counsel failed to properly research the Government sponsored provision and discover that the [waiver] was a violation of public policy. Counsel then ... advised Petitioner that the pretrial agreement with the prohibited provision was in his best interest and that he should accept the pretrial agreement. Then, at trial, Petitioner's counsel did not ensure the Military Judge conducted a proper inquiry regarding the provision.

Id. Petitioner's arguments fall flat. First, petitioner's trial counsel's performance was not deficient based on his failure "to properly research the Government sponsored provision and discover that the [waiver] was a violation of public policy" because, for the reasons discussed in the Ground One subsection, the government sponsored provision was, in and of itself, *not* contrary to public policy. For that very reason, petitioner's gripe that his counsel advised him to accept such a waiver provision is equally baseless.[8]

Nor can the Court conclude that petitioner's attorney's failure to raise the pretrial confinement issue to the military judge was erroneous. Petitioner cites to several cases in which trial counsel *did* raise the issue of pretrial confinement with the military judge. See id. But petitioner's attorney's failure to do so in this case does not mean his performance was deficient. Instead, petitioner's counsel could have strategically decided not to raise that issue because it could have highlighted the fact that petitioner was routinely penalized for poor behavior— including for possession of contraband, disorderly conduct, staff harassment, property damage, false statements, and for being an escape risk, see Dkt. No. 7-8—while being held in pretrial confinement. Although petitioner is correct that information regarding the conditions of petitioner's confinement could have been relevant to the question of mitigation at the sentencing phase, such information also could have reflected poorly on petitioner, negatively influencing the judge who would ultimately decide the length of petitioner's sentence. And, absent evidence to

---

[8] Petitioner's true complaint appears to be that the military judge did not abide by the requirements of McFadyen in conducting the plea colloquy. That argument is addressed thoroughly in the Ground Three subsection.

13

the contrary, the Court cannot credit petitioner's argument that trial counsel omitted this information by mistake or neglect. Instead, "we presume that challenged acts are likely the result of a sound trial strategy." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (citing Strickland, 466 U.S. at 689). For these reasons, petitioner's trial counsel's performance was not constitutionally deficient. Ground Two is denied.

### b. Appellate Counsel was not Ineffective

Petitioner's Ground Four is difficult to parse because, as this case has proceeded, petitioner's arguments in support of the ground have evolved and expanded.[9] The precise language petitioner used in his petition reflects the argument in its simplest form: "Appellate defense counsel was ineffective ... by refusing to raise Petitioner's argument that his Article 13 waiver was against public policy and his allegation of his post-trial confinement conditions." See Dkt. No. 4. In his "Supporting Facts" section, petitioner grieves that, "[i]f Petitioner's counsel would have brought the [Article 13] provision issue up on appeal, or at the very least, listed it without briefing it ... the burden would have fallen on the Court of Criminal Appeals to determine the provision's validity." Id. He continues, arguing that "[i]f an appellant's counsel refuses to present their client's post-trial confinement conditions to the court, then they cannot consider those conditions as part of their overall sentence appropriateness determination." Id.

---

[9] This may be due, in part, to respondent's briefs, which address an issue not actually raised by petitioner. Respondent addresses the Article 13 portion of petitioner's argument directly but, instead of addressing petitioner's argument that appellate counsel was ineffective for failure to raise *post-trial* conditions of confinement, discusses counsel's reasons for not raising the *pretrial* conditions issue. Petitioner appears to have sought to respond to those arguments in his subsequent filings. But the pretrial confinement argument shall not be considered under this ground. Indeed, the Court declines to assume petitioner intended to argue both grounds where petitioner not only did not mention pretrial confinement but also cited to a case, United States v. Gay, 75 M.J. 264 (C.A.A.F. 2016), that deals specifically with post-trial confinement issues. See Dkt. No. 4.

It thus appears that the basis of petitioner's argument is solely that his appellate counsel was ineffective for his failure to raise issues that petitioner saw as valid. Accordingly, appellate counsel's failure to raise certain issues represents the foundation on which this claim shall be analyzed, and petitioner's attempts to supplement or amend this argument through briefs shall not be sanctioned.[10] To the extent petitioner's post-petition arguments are consistent with the ground for relief as originally stated, those arguments are considered.

The military court system has a procedure through which appellants may raise legal issues even if their counsel does not think those issues are meritorious. See United States v. Grostefon, 12 M.J. 431, 435 (C.M.A. 1982). It could be, then, that petitioner argues that his appellate counsel failed to abide by the requirements of Grostefon, causing petitioner prejudice in the form of an adverse appellate decision. But petitioner does not argue—and the Court cannot find precedent which holds—that military appellate counsel's failure to raise on appeal issues flagged by the servicemember constitutes a *per se* violation of law that would automatically lead to a different result on appeal.

And, in any event, no Grostefon violation appears to have occurred in this case. Petitioner states that he "believed that his counsel had his best interests at heart and knew what was fair for Petitioner." See Dkt. No. 11, p. 34. He further states that he was not aware of any

---

[10] Consequently, petitioner's belated efforts to impute additional error to his appellate counsel for his alleged "failure to discover and raise the issue of ineffective assistance of counsel regarding Petitioner's trial defense counsel," see Dkt. No. 11, will not be addressed here.

Nor will any argument that recasts the original Article 13 waiver argument be addressed. Under Ground Four in his petition, petitioner does not invoke McFadyen or the plea inquiry even once. See Dkt. No. 4. Instead, petitioner discusses the "source of a provision" as an important factor in its legitimacy. See Dkt. No. 4. This indicates that, in this ground, petitioner sought to raise the already debunked argument that the Article 13 waiver was invalid by virtue of the fact that the Convening Authority—not petitioner himself—sponsored this provision's inclusion in the pretrial agreement.

perceived deficiencies in the NMCCA's reasoning ... [and] only discovered the Benitez case and Article 66's power *last year [in 2018] shortly before filing his habeas corpus petition with the NMCCA.*" Id. (emphasis supplied). At the time of the appeal, petitioner thus could not have pushed to raise issues with which he was unfamiliar, meaning that petitioner's appellate counsel could not have denied petitioner's request to raise those issues. Consequently, to the extent petitioner seeks to argue that his appellate counsel was ineffective for his failure to abide by Grostefon, petitioner's claim must be denied.

But, even assuming petitioner's claim did not center on Grostefon, an analysis of petitioner's appellate counsel's behavior reveals that counsel's actions did not lead to petitioner suffering any prejudice. For the same reason that petitioner's trial counsel was not ineffective for failing to challenge the legitimacy of the Article 13 waiver provision, so too was petitioner's appellate counsel—the Article 13 waiver simply was not contrary to public policy. Accordingly, counsel was not deficient for not raising that claim, and his failure to do so equally did not prejudice petitioner.

The second portion of Ground Four states that appellate counsel was ineffective for his failure to raise the issue of petitioner's post-trial conditions in an effort to obtain a sentence reduction or alteration. Petitioner cites to United States v. Gay, 75 M.J. 264 (C.A.A.F. 2016), for the proposition that a military criminal court of appeal "is not prohibited from granting sentence appropriateness relief arising from complaints of post-trial confinement conditions." Dkt. No. 4, p. 20. But it does not follow that just because military criminal courts of appeal are empowered to adjust sentences based on a petitioner's post-trial confinement that they must do so. In any event, petitioner has not offered a single allegation of fact relevant to the conditions he actually did face following the entry of his guilty plea. On this sparse record, this Court cannot conclude that the military court would have reduced petitioner's sentence in reaction to learning of the

conditions of his post-trial confinement. In other words, petitioner has not established that, but for counsel's failure to raise this claim, the result would have been different. Ground Four is denied.

### 3. *Grounds Three and Five*

Petitioner's Grounds Three and Five shall be analyzed in concert because they appear to highlight a single error in petitioner's military proceedings, albeit from two different perspectives—the court-martial level and the appellate court level. Reduced to their simplest form, petitioner argues in these grounds that, during his plea colloquy, the military judge erred in failing to elicit information related to the conditions of petitioner's pretrial confinement, something that is required pursuant to United States v. McFadyen, 51 M.J. 289 (C.A.A.F. 1999). In failing to extract this information, petitioner argues, the inquiry "fell short of what is required by R.C.M. 910(f)" and thereby divested the military judge of all the information required "to determine in a meaningful way an appropriate sentence in this case." [11] Dkt. No. 4.

The McFadyen court upheld an accused's right to waive his ability to move for sentencing credit on the basis of unlawful pretrial punishment but imposed several procedural safeguards to ensure such a waiver's propriety. The court stated, "[w]e are concerned that any Article 13 waiver be executed with full knowledge of the implications of the waiver . . . . Therefore, for all cases ... where a military judge is faced with a pretrial agreement that contains an Article 13 waiver, the judge should inquire into the circumstances of the pretrial confinement

---

[11] The crux of petitioner's Ground Five is that the appellate military court failed to notice this apparent error. This argument exemplifies the redundant nature of petitioner's filings and the extent to which the entire petition revolves on the military judge's actions taken—or not taken—in relation to the Article 13 waiver. If this Court were to find that the military judge did not err, it could not find that the appellate court erred in not detecting such an error below. And because it is not clear that the military appellate court's alleged omission would entitle petitioner to any different relief than that associated with a finding that the military judge erred in the first instance, there is no need to parse the merits of both grounds as petitioner has presented them.

and the voluntariness of the waiver, and ensure that the accused understands the remedy to which he would be entitled if he made a successful motion." McFadyen at 289.

Petitioner asserts that, in his court-martial proceedings, the military judge inquired only as to the voluntariness of the waiver, neglecting to cover the other two issues discussed in McFadyen—the circumstances of confinement and the potential remedy for a successful motion. Dkt. No. 4. This, in fact, is undisputed; respondent concedes that the military judge "did not go into specific details about the circumstances of Petitioner's pretrial confinement." Dkt. No. 12. Respondent argues, however, that "the military judge's inquiry with the Petitioner in this case evinced far more discussion of the ... waiver provision than was necessary." Id. In support of his argument, respondent cites to United States v. Felder, 59 M.J. 444 (C.A.A.F.), in which the CAAF affirmed a conviction even where the military judge failed entirely to mention an Article 13 waiver during a plea colloquy.

Petitioner counters, highlighting that the Felder court deemed the military judge's failure to conduct a full inquiry improper and upheld the conviction only because Felder's "defense counsel informed the military judge on the record that [Felder] had not been punished in any way cognizable under Article 13;" Felder therefore had not been prejudiced by the military judge's improper inquiry. See Felder at 445-46; Dkt. No. 11. Petitioner further cites to United States v. Nye, No. 201600362; 2018 WL 458948 (NMCCA Jan. 18, 2018), for the proposition that a military judge may validly respect an Article 13 waiver "while making a good faith effort nonetheless to ensure ... appropriate credit for the appellant's pretrial restriction." Nye at *3.

Respondent also asserts that petitioner's claim fails because petitioner has not shown—as he must—that he suffered material prejudice to a substantial right based on the military judge's failure to inquire as to the circumstances of petitioner's pretrial confinement. Dkt. No. 7 (citing Felder; 10 U.S.C. § 859(a)). But petitioner has averred—somewhat convincingly—that the

18

military judge's failure to conduct a full McFadyen inquiry prejudiced his opportunity to receive a sentence predicated on all of the relevant facts. That petitioner has not, as respondent notes, "pointed to ... tangible evidence of mistreatment during his pretrial confinement" is not relevant in this light; had the military judge inquired about petitioner's pretrial confinement, he feasibly could have considered that information as a mitigating factor at sentencing irrespective of the Article 13 waiver provision in petitioner's pretrial agreement. Adding to the potential for prejudice, petitioner avers that his counsel believed they had a legitimate basis to assert that petitioner was unlawfully punished prior to his sentencing. See Dkt. No. 4, p. 8.

This is not to say that that petitioner has proven his outcome would have been more favorable had the judge abided by his duties—respondent's argument that it is unlikely that the sentence would have been different in light of petitioner's record of misbehavior during pretrial confinement is compelling. But on the current record, the Court cannot conclude that petitioner was not prejudiced by the military judge's failure to inquire as to the circumstances of petitioner's pretrial confinement.[12] See Nye at *4 (finding that, in considering "the duration of pretrial restraint and the conditions of that restraint in determining an appropriate sentence," the judge "eliminat[ed] any potential prejudice to the appellant."). Accordingly, the motion to dismiss will be denied as to this argument, and the parties will be directed to submit additional

---

[12] This conclusion is not inconsistent with the previous conclusions that petitioner's trial and appellate counsel were not ineffective for failing to raise this the inadequacy of the McFadyen inquiry when they had the chance. As noted, petitioner's trial counsel could have declined to press the judge on this issue from a strategic perspective while still recognizing that the judge did not conduct the full McFadyen inquiry. The judge's failure to conduct the full inquiry represents a distinct issue to that of trial counsel's efficacy and strategic decisions. And petitioner's appellate ineffective assistance claim did not raise the completeness of the McFadyen inquiry as an issue; instead, that claim dealt only with the legitimacy of the Article 13 waiver as proposed by the Convening Authority.

briefing as to this issue. If appropriate, respondent may renew his motion to dismiss at the time of filing the supplementary brief.

## IV. Conclusion

Based on the foregoing, it is clear that petitioner is not entitled to relief as to four of the five grounds he raises in his petition. But, on the current record, the Court cannot conclude that petitioner is not entitled to relief as to his arguments regarding the inadequacy of the McFadyen inquiry he received during his plea colloquy and the potential that failure had to negatively affect the sentence petitioner ultimately received. In that light, the parties shall be directed to provide additional briefing on this question. Additionally, the parties are directed to brief the question of what remedy petitioner would be entitled to in the event that the petitioner's argument regarding the McFadyen inquiry is deemed meritorious.[13] If appropriate, respondent may renew his motion to dismiss when filing his supplemental brief.

For the foregoing reasons, respondent's motion to dismiss is granted in part and denied in part. An appropriate order shall issue.

Entered this 4th day of March 2020.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[13] Petitioner's hope that this Court will "set aside the findings of guilt ... and either order a new trial or the release of Petitioner from confinement within 120 days," see Dkt. No. 4, may be misplaced. Although petitioner successfully cites to cases in which pleas were set aside after violations were found, this does not appear to be a universally-imposed remedy for such a scenario. The Manual for Courts-Martial itself refers to the following cases which cast doubt on petitioner's claim: Santobello v. New York, 404 U.S. 257 (1971); United States v. Kraffa, 11 M.J. 453 (C.M.A. 1981) (when a prejudicial defect in a plea agreement is found, as a result of an inadequate inquiry or otherwise, allowing withdrawal of the plea is not necessarily the appropriate remedy); United States v. Steck, 10 M.J. 412 (C.M.A. 1981) (proceedings in revision may be appropriate to correct a defect discovered after final adjournment).